UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Ruth Ann DiDonato, Esquire
Willig, Williams & Davidson
1845 Walnut Street, 24th floor
Philadelphia, PA  19103
Attorney Id No.:  000151999
rdidonato@wwdlaw.com
215-814-9226

Order Filed on April 18, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Thomia S. West

| | |
|---|---|
| Case No.: | 19-33709 |
| Chapter: | 13 |
| Judge: | ABA |

# ORDER ON MOTION TO APPROVE ERMA RELIEF FUNDS
## (CHAPTER 13)

The relief set forth on the following page is **ORDERED**.

**DATED: April 18, 2023**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

The Court having reviewed the Motion to Approve ERMA Relief Funds filed on March 24, 2023, as to the first mortgage *[enter first, second, third, etc.]* concerning real property located at 24 Erial Road Clementon, NJ 08021, and the Court having considered any objections filed to such motion, it is hereby ORDERED that:

[X]    The debtor is authorized to accept ERMA Relief Funds.

1) The ERMA Relief Application must be fully executed no later than 14 days from the date of this order. If it is not, the secured creditor, within 14 days thereafter, must file with the Court and serve on the debtor, debtor's attorney, if any, and the standing trustee a Certification indicating why the application was not fully executed. A response by the debtor, if any, must be filed and served within 7 days of the filed date of the secured creditor's Certification; and

2) Upon the filing of the Certification required above, and absent a response from the debtor, the standing trustee may disburse to the secured creditor all funds held or reserved relating to its claim. Absent the filing of the Certification within the time frame set forth above, the standing trustee will disburse funds on hand to other creditors pursuant to the provisions of the confirmed Plan and any proof of claim filed in this case with respect to the mortgage is deemed modified and incorporated into the ERMA Relief Assistance;

3) Unless the debtor's Plan has been confirmed with 100% paid to unsecured creditors, the debtor must file a *Modified Chapter 13 Plan and Motions* within 14 days of consummation of the loan modification. If the loan modification results in material changes in the debtor's expenses, the debtor must also file amended Schedules I and J within 14 days of the date of this Order; and

4) Check one:

[ ] There is no order requiring the debtor to cure post-petition arrears through the Plan; or

[X] Post-petition arrears are capitalized into the ERMA Relief Funds, and the Order filed on __02/21/2023__ requiring the Standing Trustee to make payments based on the arrearage is vacated as of the date of this order; or ***

[ ] Post-petition arrears have not been capitalized into the loan modification agreement, and the Standing Trustee will continue to make payments to the secured creditor based on the Order filed on _____; and

5) If fees and costs related to loss mitigation/loan modification are sought by the debtor's attorney, an Application for Compensation in compliance with D.N.J. LBR 2016-1 must be filed.

[ ] The Motion to Approve ERMA Relief Funds is denied.

*** No such relief was requested in Motion.

new.12/17/19